**JING SHENG JIANG, Petitioner,**

v.

**Alberto GONZALES, Respondent.**

**No. 07–1067–ag.**

United States Court of Appeals, Second Circuit.

Aug. 20, 2007.

Michael Brown, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Lisa M. Arnold, Senior Litigation Counsel; Robbin K. Blaya, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon., ROGER J. MINER, Hon., PIERRE N. LEVAL, Hon., CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Petitioner Jing Sheng Jiang, a native and citizen of the People's Republic of China, seeks review of a February 27, 2007 order of the BIA affirming the July 13, 2005 decision of Immigration Judge ("IJ") Elizabeth A. Lamb denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jing Sheng Jiang,* No. A 95 673 385 (B.I.A. Feb. 27, 2007), *aff'g* No. A 95 673 385 (Immig. Ct. N.Y. City, July 13, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

Here, substantial and material inconsistencies in the record support the agency's adverse credibility determination. The IJ accurately noted that Jiang stated in his written application that birth control cadres came to his home on August 13, 1999, forced his wife to report for a gynecologi-

cal checkup, discovered that she was pregnant, and forced her to undergo an abortion. However, he testified that his wife went to a checkup on August 3, 1999, was detained for ten days, and then forced to undergo an abortion on August 13, 1999. Jiang was unable to provide an explanation when confronted with the inconsistencies between the statements given in his written application and hearing. In addition, the IJ accurately observed that a letter from Jiang's wife which Jiang had submitted into evidence omitted any mention of her alleged ten-day detention. Because these discrepancies involved the crux of Jiang's claim that his wife had undergone a forcible abortion, they amply substantiated the agency's adverse credibility determination. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003).

Having found that the adverse credibility finding is supported by substantial evidence, we need not decide whether petitioner's claim could survive *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007) (en banc).

Because Jiang was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Further, because Jiang has failed to challenge the agency's denial of his request for relief under the CAT, any such arguments are deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005) (emphasizing that, "[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal").

For the foregoing reasons, the petition for review is DENIED. Any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).